AO 245B   (Rev. 09/11) Judgment in a Criminal Case
         Sheet 1

# UNITED STATES DISTRICT COURT

### Northern District of Illinois, Eastern Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | |
| Emmanuel Nwaokocha | Case Number:    12 CR 559 - 4 |
| | USM Number:    44836 - 424 |
| | Mark J. Silberman/Neville Maherji Bilimoria |
| | Defendant's Attorney |

## THE DEFENDANT:

X pleaded guilty to count(s)    count one of the superseding information.

☐ pleaded nolo contendere to count(s)
    which was accepted by the court.

☐ was found guilty on count(s)
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 42 U.S.C. Section 1320 a-7b(b)(1)(A) | Medicare Fraud | 7/9/2012 | One |

    The defendant is sentenced as provided in pages 2 through   6   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

X Count(s)    pending counts and/or indictments    ☐ is    X are  dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/29/2014
Date of Imposition of Judgment

Signature of Judge

John W. Darrah, U.S. District Court Judge
Name and Title of Judge

DEFENDANT:          Emmanuel Nwaokocha
CASE NUMBER:     12 CR 559 - 4

# PROBATION

The defendant is hereby sentenced to probation for a term of :        Four years on count one of the superseding information.
The costs of probation are waived.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

X        The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of

     future substance abuse. *(Check, if applicable.)*

X        The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

X        The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐        The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐        The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

     If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

     The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment—Page    3    of    6

DEFENDANT:        Emmanuel Nwaokocha
CASE NUMBER:      12 CR 559 - 4

# ADDITIONAL PROBATION TERMS

The defendant shall perform 250 hours of community service in the area of healthcare.

The Court specifically recommends to the Illinois Department of Financial and Professional Regulation that Dr. Emmanuel Nwaokocha be permitted to keep his medical license.

The defendant shall pay a fine in the amount of $5,000.00.

The defendant shall pay any financial penalty imposed by this judgment, and remains unpaid at the commencement of the term of supervised release. The defendant's monthly payment schedule shall be an amount equal to ten percent of his net monthly income.

Case: 1:12-cr-00559 Document #: 372 Filed: 10/31/14 Page 4 of 10 PageID #:1121

Judgment — Page 4 of 6

DEFENDANT: Emmanuel Nwaokocha
CASE NUMBER: 12 CR 559 - 4

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ 5,000.00 | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

   If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| TOTALS | $ | $ |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

Sheet 6 — Schedule of Payments

Judgment — Page ___5___ of ___6___

DEFENDANT: Emmanuel Nwaokocha
CASE NUMBER: 12 CR 559 - 4

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** X Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Judgment—Page    6    of    6

DEFENDANT:        Emmanuel Nwaokocha
CASE NUMBER:      12 CR 559 - 4

## ADDITIONAL FORFEITED PROPERTY

See attached preliminary order of forfeiture.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA    )
    )
        v.    )   No.  12 CR 559-4
    )   Hon. John W. Darrah
EMMANUEL NWAOKOCHA    )

PRELIMINARY ORDER OF FORFEITURE

This cause comes before the Court on motion of the United States for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 18, United States Code, Section 982(a)(7) and Fed. R. Crim. P. 32.2, and the Court being fully informed hereby finds as follows:

(a)    On April 9, 2014, a superseding information was filed charging defendant EMMANUEL NWAOKOCHA with health care fraud, in violation of 42 U.S.C. § 1320a-7b(b)(1)(A);

(b)    The superseding information sought forfeiture to the United States of any property, which constitutes proceeds of the violations alleged in the information;

(c)    On April 9, 2014, pursuant to Fed. R. Crim. P. 11, defendant EMMANUEL NWAOKOCHA entered a voluntary plea of guilty to the sole count of the superseding information charging him with a violation of 42 U.S.C. § 1320a-7b(b)(1)(A);

(d)    Pursuant to the terms of the plea agreement and as a result of his violation of 42 U.S.C. § 1320a-7b(b)(1)(A), defendant EMMANUEL NWAOKOCHA agreed that funds in an amount determined by the court are subject to forfeiture pursuant to the provisions of 18 U.S.C. § 982(a)(7) as property constituting or derived from proceeds obtained, directly or indirectly, as a

result of the defendant's violation of 42 U.S.C. § 1320a-7b(b)(1)(A);

(e)     Pursuant to Fed. R. Crim. P. 32.2(b)(2)(B) as amended December 1, 2009, unless doing so is impractical, the court must enter the preliminary order of forfeiture sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant at sentencing;

(f)     In accordance with this provision, the United States requests that this Court enter a preliminary order of forfeiture against defendant EMMANUEL NWAOKOCHA as to a money judgment in the amount of $__.600.00__ because the property constitutes and is derived from proceeds of the offense of conviction;

(g)     If funds to satisfy the money judgment entered against defendant EMMANUEL NWAOKOCHA as a result of any act or omission of the defendant:

    1.     cannot be located upon the exercise of due diligence;

    2.     has been transferred or sold to, or deposited with, a third party;

    3.     has been placed beyond the jurisdiction of the court;

    4.     has been substantially diminished in value, or

    5.     has been commingled with other property which cannot be divided without difficulty;

the United States shall request that this Court order the forfeiture of any other property belonging to defendant EMMANUEL NWAOKOCHA up to the amount of the money judgment entered against the defendant, pursuant to 21 U.S.C. § 853(p), as incorporated by as incorporated by 18 U.S.C. § 982(b)(1), and Fed R. Crim P. 32.2, in order to satisfy the money judgments entered by the Court;

2

(h)     Pursuant to Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1) and Subdivision (b)(3) of Rule 32.2 of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture, the Court hereby authorizes the Attorney General or his designated representatives to conduct discovery to identify or locate property subject to forfeiture, including substitute assets, and to seize property ordered forfeiture upon such terms and conditions as set forth by the Court;

(i)     The United States requests that the terms and conditions of this preliminary order of forfeiture entered by this Court be made part of the sentence imposed against defendant EMMANUEL NWAOKOCHA and included in any judgment and commitment order entered in this case against him.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1.      That, a judgment is entered against defendant EMMANUEL NWAOKOCHA in the amount of $ 400.00 ;

2.      That, pursuant to the provisions of 18 U.S.C. § 982(a)(7) and Fed. R. Crim. P. 32.2, all right, title, and interest of defendant EMMANUEL NWAOKOCHA in funds in the amount of $ 600.00 is hereby forfeit to the United States of America for disposition according to law;

3.      That, by an act or omission on the part of defendant EMMANUEL NWAOKOCHA funds in the amount of $ 600.00 cannot be located to satisfy the forfeiture judgment, pursuant to the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), the United States has the authority to forfeit substitute assets in the amount of $ 600.00 to satisfy the money judgment entered by this court;

3

4.      That, should assets become available to satisfy the forfeiture judgment in the future, the United States shall at that time file a motion for substitution of assets before this Court requesting permission to seize such assets and publish notice of the United States' intent to forfeit the property in satisfaction of the forfeiture money judgment entered by the Court;

5.      The terms and conditions of this preliminary order of forfeiture are part of the sentence imposed against defendant EMMANUEL NWAOKOCHA and shall be made part of any judgment and commitment order entered in this case against him;

6.      This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

JOHN W. DARRAH
United States District Judge

DATED:  10-29-14

4